## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **ALFREDO RAMIREZ AND DELIA RAMIREZ** | ' |
| | ' |
| | ' |
| **Plaintiffs,** | ' |
| | ' |
| **V.** | ' **CIVIL ACTION NO. <u>5:19-cv-00080</u>** |
| | ' |
| **HEALOGICS, INC. d/b/a HEALOGICS WOUND CARE AND HYPERBARIC TREATMENT, INC.** | ' |
| | ' |
| | ' |
| **Defendants.** | ' |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COME ALFREDO RAMIREZ AND DELIA RAMIREZ, Plaintiffs in the above-styled and numbered cause (hereinafter called "**Plaintiffs**"), complaining of HEALOGICS, INC. d/b/a HEALOGICS WOUND CARE AND HYPERBARIC TREATMENT, INC. (hereinafter called "**Defendant HEALOGICS**"), and for cause of action, would respectfully show unto the Court the following:

## I.
## JURISDICTION

The Court should exercise jurisdiction over this action pursuant to Section 1332 of Title 28 of the United States Code, for the following reasons:

A.  This is a suit between citizens of different States. Plaintiffs are residents and citizens of Texas. Defendant is a citizen of Delaware and Florida.   It is a Delaware

corporation with its principle place of business in Florida.   Diversity jurisdiction of the action is therefore conferred on the court by 28 U.S.C. §1332.

B.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs of Court, and attorneys' fees.

C.      This action arises out of business Defendant purposely conducted in this judicial district and in the State of Texas. Specifically, Defendant provided wound care and consulting services, and supply and maintenance of hyperbaric oxygen chambers, to the University Health System Wound Care Center located at 4502 Medical Drive, San Antonio, Bexar County, Texas 78229.

## II.
## VENUE

Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in San Antonio, Bexar County, Texas.

## III.
## THE PLAINTIFFS

Plaintiffs ALFREDO RAMIREZ and DELIA RAMIREZ reside at 804 West 10th Street, Del Rio, Texas, 78840.

## IV.
## THE DEFENDANT

Defendant HEALOGICS, INC. d/b/a HEALOGICS WOUND CARE AND HYPERBARIC TREATMENT, INC. is a Delaware corporation with its principle place of business at 5220 Belfort Rd., Suite 130, Jacksonville, FL 32216. Service of Citation can be had by serving its agent, Corporation Service Company dba CSC – Lawyers Incorporating Service

2

Company , 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. **Service of Citation is requested at this time.**

**V.**
**FACTS**

**A.  Defendant HEALOGICS**

Plaintiffs would show that Defendant HEALOGICS is a for-profit provider of wound care services. Defendant HEALOGICS partners with local hospitals throughout the United States to operate wound care centers, and assumes responsibility to provide to its partners, among other things, wound care and consulting services, and supply and maintenance of hyperbaric oxygen chambers and wound care technology.

Plaintiffs would show that towards the end of 2016 the University Health System contracted with HEALOGICS WOUND CARE & HYPERBARIC SERVICES, INC. for Defendant to provide wound care center management services as follows:

> Healogics will provide Medical Director services, clinical practice guidelines, digital imaging to support EMR documentation, operating policies and procedures, program director, reimbursement cycle support, quality improvement systems and initiatives, physician and staff training and education, marketing and referral development programs, and other services and support necessary to enhance and maintain these services. In addition, Healogics will provide new hyperbaric oxygen chambers and pneumatic treatment chairs to replace aging equipment. The Health System will provide clinical and non-clinical staff at current staffing levels, workspace, furniture and supplies, coding, billing and collecting services and the cost of media placement.[1]

Plaintiffs would show that as part of its contract Defendant HEALOGICS was expected to update the center's existing wound care equipment, to include the purchase of four new hyperbaric

---

[1] Minutes of the November 15, 2016 Special Meeting of the Bexar County Hospital District Board of Managers, at 4 https://www.universityhealthsystem.com/~/media/files/meeting-minutes/meeting-minutes/uhs-files/november-15-2016.pdf?la=en (last accessed, January 21, 2019).

chambers, referred to as "3600 Chambers," a reference to one of the Sechrist brand 3600 model hyperbaric chambers.[2]

Plaintiffs would show that Sechrist Industries, Inc. is a company owned and operated by Defendant HEALOGICS.  It manufacturers hyperbaric oxygen chambers, including the 3600 models, such as the model 3600 E.   Plaintiffs would show that the 3600 Chambers use "specially designed ports and pass-throughs" to provide critical care capabilities such as electronic monitoring of vital signs including heart rate, temperature, blood pressure and oxygen status. Plaintiffs would show that installation of a 3600 Chamber includes "necessary adapters and hoses for hookup" and is to be "provided by manufacturer trained technicians."[3]

**B.   Plaintiff ALFREDO RAMIREZ**

Plaintiffs would show that on June 13, 2017, Plaintiff ALFREDO RAMIREZ was a 59-year-old man undergoing an elective, outpatient, needle lung biopsy for suspicion of lung cancer. During the biopsy he rapidly lost consciousness and was intubated. A code was called with concern for a stroke caused by air embolism. His blood pressure and oxygen saturation remained stable. Mr. Ramirez' physicians first ordered emergent CTs, then an emergent MRI, which confirmed the air embolism. He began to seize in the MR scanner, which his physicians took to be caused by a cerebral infarction caused by the air embolism. They therefore ordered, emergent hyperbaric therapy for reduction of the embolism.

Plaintiffs would show that an air or gas embolism, entry of gas, or an air bubble, into vascular structures, can result in serious morbidity and death. Plaintiffs would show that hyperbaric therapy, if timely administered, has been shown to dramatically improve survival and

---

2  *Id.* at 4-5.
3  Sechrist 3600 E Chamber Brochure

decrease morbidity caused by air embolism. Hyperbaric therapy is therefore the recommended

therapy for patients who suffer vascular air embolism due to lung biopsy.

Mr. Ramirez was taken emergently to the University Hospital Wound Care Center, where

the hyperbaric chambers were located, to be provided hyperbaric therapy.   However, Wound Care

Specialist Gina A. Gray, MD, writes:

> . . . In this case the implementation of HBO was delayed because transducer cables
> necessary for monitoring the patient's vital signs while undergoing HBO therapy
> were unavailable. Calls were made to regional HBO centers to transfer the patient
> for therapy however there ae no other centers that are able to manage critically ill
> patients in this area.
>
> Following discussion between myself and Biomedical Engineering, an alternate
> transducer was created by exchanging the adapters to fit the monitoring system at
> chamber side. This wire was not designed for use in hyperbarics chamber however
> 1. This patient has a critical acute illness that untreated is likely to result in death or
> severe permanent disability and 2. All possible precautions were taken to ensure the
> safety of the patient and hospital personnel involved in his care. These safety
> related decisions included the decision to forego the use of oxygen to prevent fire
> hazard during recompression and the decision to discontinue therapy if the patient
> showed any signs of instability, the monitoring equipment or its adaptations
> became unreliable or if therapeutic pressure could not be maintained in the
> chamber.
>
> A further discussion of the risks and benefits of hyperbaric therapy under these
> circumstances occurred between Dr. Alsip and myself. He was in agreement with
> the plan of care as long as all precautions possible were taken to ensure patient and
> hospital safety.[4]

Mr. Ramirez was admitted to the ICU from the wound care center.   He suffered profound

left hemiparesis and his hospital course was complicated by seizures, pneumonia, and heart attack.

He remained admitted at University Hospital until June 28, 2019, when he was discharged to a

---

[4] University Health System Medical Records for Alfredo Ramirez, Wound Care/Hyperbaric Clinic Note by Gina A.
Gray, MD

rehabilitation facility due to his continued functional challenges and dependence.   Plaintiff

ALFREDO RAMIREZ remains with severe, debilitating mental and physical injuries to this day.

## VI.
## NEGLIGENCE OF DEFENDANT

Plaintiffs believe and allege that Defendant HEALOGICS, acting by and through its

agents, servants and/or employees, on or before June 13, 2017 committed certain negligent acts

and/or omissions, and such negligence included, but is not limited to the following:

a.   failure to properly install and maintain a hyperbaric chamber.

b.   failure to provide transducer cables necessary for monitoring the patient's vital signs while undergoing HBO therapy.

c.   failure to provide clinical practice guidelines and/or operating policies and procedures for the installation and maintenance of hyperbaric chambers.

d.   failure to hire, train, educate, supervise and/or retain staff to properly install and maintain hyperbaric chambers.

Each of the foregoing acts and/or omissions on the part of Defendant HEALOGICS

constituted negligence and such acts and/or omissions on the part of the Defendant was a direct

and proximate cause of Plaintiffs' injuries and damages herein.   Specifically, Plaintiffs would

show that Plaintiff ALFREDO RAMIREZ' injuries were caused and/or exacerbated by the delay

in hyperbaric treatment caused by the aforementioned failures, and that Plaintiff ALFREDO

RAMIREZ would have had substantially less injury had the aforementioned failures not caused a

delay in his hyperbaric treatment.

Plaintiffs would show that it was the intent of contractors Defendant HEALOGICS and the

University Health System to provide services and equipment for the benefit of individuals such as

Plaintiff ALFREDO RAMIREZ and others similarly situated. Plaintiffs would further show that it

was foreseeable to Defendant HEALOGICS that the above failures might reasonably result in an injury such as that suffered by Plaintiffs.

**VII.**
**<u>DAMAGES</u>**

Plaintiffs would show that as a direct and proximate result of the negligence on the part of the agents, servants, and/or employees of Defendant HEALOGICS, Plaintiff ALFREDO RAMIREZ has been caused to suffer physical pain and mental anguish, and in reasonable probability, he will continue to suffer the same in the future, for which he seeks recovery herein.

Further, Plaintiff has been caused to suffer physical impairment, and in reasonable probability, he will continue to suffer the same in the future, for which he seeks recovery herein.

Further, Plaintiff has been caused to suffer disfigurement, and in reasonable probability, he will continue to suffer the same in the future, for which he seeks recovery herein.

Further, Plaintiff has been caused to incur reasonable and necessary medical, doctor, hospital, and therapy expenses, and in reasonable probability, he will continue to incur the same in the future, for which he seeks recovery herein.

Further, Plaintiff has been caused to suffer lost wages and loss of earning capacity, and in reasonable probability, he will continue to suffer the same in the future, for which he seeks recovery herein.

Plaintiffs would show that as a direct and proximate result of the negligence on the part of the agents, servants, and/or employees of Defendant HEALOGICS, Plaintiff DELIA RAMIREZ has been caused to suffer mental pain and anguish due to the injuries to her husband, and reasonable probability, she will continue to suffer the same in the future, for which she seeks recovery herein.

Further, Plaintiff has been caused to suffer loss of consortium due to the injuries to her husband, and reasonable probability, she will continue to suffer the same in the future, for which she seeks recovery herein.

Further, Plaintiff has been caused to suffer loss of household services due to the injuries to her husband, and reasonable probability, she will continue to suffer the same in the future, for which she seeks recovery herein.

Plaintiffs have been gravely injured and damaged, and believe that they have suffered damages in a sum in excess of $75,000.00.

### VIII.
### JURY DEMAND

Plaintiffs hereby request a trial by jury.

### IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant HEALOGICS be duly cited to appear and answer herein, and that upon final hearing of this cause, Plaintiffs have and recover judgment of and from Defendant in an amount within the jurisdictional limits of this court, for pre-judgment and/or post-judgment interest as allowed by law, plus costs of court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LYONS & LYONS, P.C.
126 Villita Street
San Antonio, Texas 78205
Telephone:     (210) 225-5251
Telefax:        (210) 225-6545

By:     **_/s/ Sean Lyons_**
       Sean Lyons
       State Bar No. 00792280
       Sean@lyonsandlyons.com
       Clem Lyons
       State Bar No. 12742000
       Clem@lyonsandlyons.com
**ATTORNEYS FOR PLAINTIFFS**